# Kramer Levin



**Roy T. Englert, Jr.**
Partner
T 202.775.4503
F 202.775.4510
REnglert@KRAMERLEVIN.com

2000 K Street NW, 4th Floor
Washington, DC 20006
T 202.775.4500
F 202.775.4510

September 6, 2023

<u>BY ECF</u>

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

   Re: No. 22-11036, *The Charitable DAF Fund, et al. v. Highland Capital Management*, (heard September 5, 2023, before Circuit Judges Dennis, Engelhardt, and Oldham)

Dear Mr. Cayce:

  I write on behalf of Appellee Highland regarding the impact of *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), on this Court's case law awarding fees for sanctioned conduct. The parties' briefs cited *Goodyear*, but no party suggested that pre-*Goodyear* decisions of this Court lack binding effect after *Goodyear*. A Member of this Court suggested that possibility for the first time at oral argument.

  In *Goodyear*, the Court held that a compensatory civil sanction may award only fees that "would not have [been] paid but for the [other party's] misconduct." 581 U.S. at 109. The Ninth Circuit's holding below, which the Court reversed, allowed fees to be awarded "without any need to find a causal link between [fees incurred and] the sanctionable conduct." *Id.* at 106.

  *Goodyear* is entirely consistent with Fifth Circuit case law. This Court has always required a causal connection between sanctions awarded and the sanctioned conduct. *See, e.g.*, *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) (compensatory award includes "attorneys' fees necessarily expended in bringing an action to enforce that order violated by the disobedient parties" (cleaned up)). That remains this Court's approach. *Ravago Americas LLC v. Vinmar International* reiterated that, for a "sanction to be compensatory, it must be measured in some degree by the pecuniary injury caused by the act of disobedience." 832 F. App'x 249, 255 (5th Cir. 2020) (cited by the district court's opinion at nn.75, 81). Though unpublished, *Ravago* relied on Supreme Court and Fifth

**Lyle W. Cayce, Clerk**
September 6, 2023



Circuit precedent that *Goodyear* did not disturb. *See id.* at 254-55 (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444 (1911); *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009)).

  The courts below found appropriate causation here and awarded fees for only expenses incurred in pursuing the contempt motion. That included discovery and trial proceedings about who was responsible for violating the bankruptcy court's orders—none of which would have been necessary had Appellants complied with those orders. *Cook*, cited above, is a published and therefore binding opinion supporting that approach, and undisturbed by *Goodyear*.

              Respectfully submitted,

              Roy T. Englert, Jr.

cc: Counsel of Record (via ECF)